RILEY v. CARPENTER.

(Filed December 4, 1906).

*Sales—Performance of Contract—Measure of Damages for Breach—Substantial Performance.*

1. A contract for the sale and delivery of yarns, in which it was stipulated that bills of lading were to be sent direct to the buyer and upon receipt of the goods he was to remit to the seller, was not substantially performed when the seller shipped the goods with bill of lading attached, and the buyer was justified in not receiving them, and is entitled to recover as damages the difference between the contract price and what it reasonably cost him on the market to supply the goods.

2. One who invokes the doctrine of substantial performance in order to show a right to recover on a contract, must present a case in which there has been no wilful omission or departure from the terms of the contract.

ACTION by Charles E. Riley against D. J. Carpenter, heard by *Judge Charles M. Cooke* and a jury, at the May Term, 1906, of the Superior Court of CATAWBA.

This was a civil action on contract for sale and delivery of a certain quantity of yarn. Defendant admitted the amount claimed by plaintiff, but set up a counter-claim for damages by reason of an alleged breach of the contract on the part of plaintiff in failing to deliver the remainder of the yarn contracted for. The jury answered the issue on the counter-claim against defendant, and to his Honor's instructions, the verdict and judgment thereon, defendant excepted and appealed.

*Self & Whitener* for the plaintiff.
*W. C. Feimster* and *M. H. Yount* for the defendant.

BROWN, J. The Court charged that "If plaintiff shipped the goods with bill of lading attached, and defendant could have gotten the goods by calling at the depot and paying for the yarn, that would be a substantial compliance with the contract, and if you find from the evidence that this is true, you will answer the second issue 'No.' "

In this we think there was error. The contract that bills of lading were to be sent direct to the defendant, and upon receipt of the goods he was to remit to the plaintiffs, was not performed when the plaintiffs billed the goods to themselves with draft attached. It was not a substantial compliance with the contract, but a wilful violation of it. The defendant had the right to insist upon such a contract, and the plaintiffs need not have agreed to it, but having agreed to it, they should have performed it. If the defendant's credit had become impaired and his solvency seriously doubted, the plaintiffs could have refused to ship the goods, and should then have notified the defendant of the reason. There is nothing of that sort in the case. The defendant may have thought, and with some reason, that if all his goods were shipped c. o. d. it would impugn his credit, and for that reason insisted as a part of the contract upon direct shipments. One who invokes the

doctrine of substantial performance in order to show a right to recover on a contract, must present a case in which there has been no wilful omission or departure from the terms of the contract; he must have faithfully and honestly endeavored to perform it in all particulars. To justify a recovery upon a contract as substantially performed, the omission must be the result of a mistake or inadvertence and not intentional. *Elliott v. Caldwell,* 9 L. R. A., 53, and cases cited.

If the evidence of the defendant is to be believed, the departure from the alleged contract was intentional. He says: "I told them when we talked of the modification of this contract, and as a part of the modification and understanding, it was agreed that no goods were to be shipped to me with bill of lading attached. I expressly told Corbett that I never received or had goods shipped to me with bill of lading attached, and I would not receive any goods that way, and they were not to be shipped to me under the modified terms in any such manner, but bills of lading and invoices were to be sent direct to me, and upon receipt of the goods I was to remit to Riley & Co., Boston, Mass." As the terms of the modified contract do not seem to be in dispute, we are of opinion that the plaintiffs violated it when they shipped the goods c. o. d., and that the defendant was justified in not receiving them, and that the defendant is entitled to recover, as damages, the difference between the contract price and what it reasonably cost the defendant on the market to supply the yarns which plaintiffs failed to supply.

Let there be a new trial upon the second and third issues.

New Trial.

HOKE, J., did not sit on the hearing of this case.